IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

BRUCE LONG,

    Defendant.

Case No. 3:19cr5(1)

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING DEFENDANT'S
MOTION TO SUPPRESS (DOC. #25)

---

Defendant has filed a Motion to Suppress all evidence gained against him in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, as well as comparable portions of the Ohio Constitution (Doc. #25). The captioned cause came on to be heard upon an oral and evidentiary hearing on said motion on April 3, 2019, at which time it became clear that Defendant was seeking to suppress both statements made to law enforcement officials and any and all evidence gained from searches of his residence at 66 Anna Street in Dayton, Ohio. Said motion is OVERRULED in its entirety.

Based upon what Dayton police officers Gary Roesser and Adam Sharp heard and observed, after being dispatched to a shooting complaint in the area of Second and Anna Streets in Dayton, i.e., reports of numerous gunshots; statements by a witness claiming he had been shot at by a person of a given description, with a rifle, crouched in a military style; finding of numerous 7.62 caliber spent casings of a type shot by a rifle; statement of another witness that his home had been shot "up" shortly beforehand, confirmed by law enforcement which observed

both the holes in the witness's home and spent 7.62 caliber casings nearby; a statement of a third, albeit anonymous and somewhat reluctant witness, who stated that the person firing the rounds lived at 66 Anna Street, the house next to the one at the corner of Anna and Second Streets, the police officers had more than reasonable grounds/probable cause to approach the Defendant's residence, knock on the door and ask Defendant, who answered the knock, if he would step out and speak to them. Defendant was not in custody when he complied with the officer's request and, therefore, no Miranda warnings were necessary at that time.

Given the Defendant's odd response to the officer's question as to whether he had heard gunshots, not to mention his animated statements and demeanor demonstrating his frustration with drug trafficking and graffiti in the neighborhood (and his dissatisfaction with the Dayton Police Department's efforts to curb same), and that he was going to take matters into his own hands and, finally, given that he matched the general description of the shooter given by several of the witnesses, that he stated he owned the property at 66 Anna Street and that he had a military background, the officers had probable cause to arrest him for the offenses originally charged against him.

Once he was placed in the police cruiser, he was obviously in custody. However, any statement or statements made at that time were spontaneous --- not the result of questioning or any interrogation. Accordingly, his statement that "it didn't matter that he would go to jail for ten years that he would get his revenge," is not subject to suppression and is, therefore, even in the absence of Miranda warnings, admissible.

While it might have been "icing on the cake," at least from the law enforcement perspective, had Defendant been identified, following his arrest, by one or more of the witnesses to whom the officers had originally spoken, and, further, while it certainly would have been

further such "icing," had the three search warrant affidavits comported with the testimony of the witnesses at the oral and evidentiary hearing on Defendant's motion, and, finally, had the affidavit or affidavits been dictated and signed by one of the officers who first responded to the dispatch, rather than by someone who had gathered his information from a police sergeant who, himself, had not been on the scene, any such doubt occasioned by the foregoing goes to the merits, to wit: the question of the Defendant's guilt or innocence, and does not vitiate the fact that each of the affidavits supporting the three search warrants contained sufficient facts constituting probable cause. Moreover, even assuming <u>arguendo</u> that probable cause was lacking in any one or more or all of the affidavits in question, the good faith exception would clearly apply.

WHEREFORE, based upon the aforesaid, this Court OVERRULES the Defendant's Motion to Suppress Evidence (Doc. #25) in its entirety.[1]

August 23, 2019

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

---

[1] Although Defendant urged suppression under not only the federal Constitution but under comparable portions of the Ohio Constitution, as well, his failure to make any arguments, either in oral or written form with regard to the Constitution of Ohio, leads this Court to conclude that he has abandoned his claims under our state Constitution.

3